# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUNDOO KHAN USA LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BUNDU KHAN KABAB HOUSE, INC., a New York Corporation,<br><br>Defendant. | Case No. _____<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FEDERAL AND STATE UNFAIR COMPETITION, UNFAIR COMPETITION UNDER THE PARIS CONVENTION, TRADEMARK DILUTION AND FOR DECLARATORY RELIEF** |

Plaintiff Bundoo Khan USA LLC ("Plaintiff"), by and through its attorneys, brings this action and alleges against defendant Bundu Khan Kabab House, Inc. ("Defendant"), as follows:

## INTRODUCTION

1.     Plaintiff is the exclusive licensee and franchisee of the original BUNDOO KHAN restaurant, based in Karachi, Pakistan.  The original BUNDOO KHAN restaurant is known the world over, and particularly in Pakistani communities for its superior quality, service and authenticity.

2.     Defendant is not affiliated or connected with the original Bundoo Khan restaurant (or Plaintiff).  Yet in a blatant effort to trade off the goodwill of

this famous brand, Defendant has opened and is currently operating a restaurant in

Queens, New York under the BUNDU KHAN name.

3.      By this action Plaintiff seeks to hold Defendant accountable for its

attempts to falsely associate itself with the original Bundoo Khan restaurant, for its

acts of service mark infringement relating to the BUNDOO KHAN mark, unfair

competition and deceptive acts and practices

## JURISDICTION AND VENUE

4.      This action arises under the trademark laws of the United States.  This

Court has original jurisdiction over the subsequent matter of this action pursuant to

28 U.S.C. §§1331(a) and 15 U.S.C. §1121(a).  The claims alleged herein arise

under The Lanham Act, 15 U.S.C. §§ 1125 and 1126, and the Declaratory

Judgment Act, 28 U.S.C. §2201, *et seq.*

5.      This Court has supplemental jurisdiction over any claim herein arising

under the laws of the State of New York pursuant to 28 U.S.C. §§1338(b) and

1367 because the claims are so related to Plaintiff's federal claims that they form

part of the same case or controversy under Article III of the United States

Constitution.

6.      This Court has personal jurisdiction over Defendant as Defendant has

expressly aimed its activities at this district, availing itself of this forum.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claimed alleged herein occurred in this judicial district.

## THE PARTIES

8. Plaintiff Bundoo Khan USA LLC, is a California limited liability company with a principal place of business located at 680 Langsdorf Drive, Suite 211, Fullerton, California 92831.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a corporation existing under the laws of New York with its principal place of business at 253-19 Union Tpke, Glen Oak, New York 11040.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates a restaurant in the Queens, New York area. Plaintiff is informed and believes, and on that basis alleges, that Defendant uses the name BUNDU KHAN in connection with its restaurant services.

11. Plaintiff is the exclusive licensee and franchisee of the original BUNDOO KHAN restaurant, based in Karachi, Pakistan.

12. Mr. Bundoo Khan was born in 1890 in India and migrated with his family to Karachi, Pakistani after the partition of India and Pakistan. In 1948, Mr. Khan opened a small shop selling food items in Karachi. In 1957, he expanded the

shop into a full-scale restaurant and over time, began developing his menu to include his world-famous Chicken Tikka and Bihari kabob dishes.

13.     Over the years, the BUNDOO KHAN name and brand rose to prominence and became well-known as the best Pakistani barbeque available. After Mr. Khan's death in 1987, his children carried on the legacy of his restaurant and food by operating his shops in Karachi, Pakistan, then expanding to Faisalabad, Pakistan and Dubai, UAE.

14.     Given the long-existing use of the BUNDOO KHAN mark, first by Mr. Khan himself and later by his family, the BUNDOO KHAN mark and brand is known by a substantial percentage of consumers, particularly those of Pakistani descent or lineage and those in geographic areas of the United States with large Pakistani communities – such as in the Los Angeles, California and New York metropolitan areas.[1]

15.     Given the prominence and fame of the BUNDOO KHAN brand, in the minds of consumers, the primary significance of the BUNDOO KHAN mark is to identify the source of the goods and services being offered under that mark.  As a result, the BUNDOO KHAN brand has secondary meaning.  This secondary

---

[1] *See https://www.pewresearch.org/social-trends/fact-sheet/asian-americans-pakistanis-in-the-u-s/*, identifying the New York area and Los Angeles, California metropolitan areas as having the first and sixth largest Pakistani communities in the United States as of 2019, respectively.

**COMPLAINT**

meaning has extended across the United States generally, and particularly in geographic areas of the United States with significant Pakistani communities.

16.    On or around February 13, 2021, Plaintiff entered into a "Master Franchise Agreement" with the original owners of the BUNDOO KHAN restaurant in Karachi, Pakistan.  This Agreement gives Plaintiff the exclusive right to use the BUNDOO KHAN trademark in the United States in connection with restaurant services, and also provides Plaintiff with the right to sub-license or further franchise the BUNDOO KHAN mark in the United States.  These rights were granted exclusively to Plaintiff by the original BUNDOO KHAN owners in Karachi, Pakistan.

17.    The trademark BUNDOO KHAN is a well-known mark as described in the Paris Convention Article 6*bis* and incorporated in the Lanham Act §43(a), §44(b) and §44(h), and should be afforded such protection.  As a result of the foregoing, Plaintiff's rights in the BUNDOO KHAN mark are superior to the rights of Defendant.

18.    On December 30, 2020, through authorization provided by the original owners of the BUNDOO KHAN trademark in Karachi, Pakistan, Plaintiff filed a trademark application for MAK AL HAAJ BUNDOO KHAN with the United States Patent and Trademark Office in contemplation of use of the mark in connection with restaurant services.  The mark was registered on January 18, 2022.

**COMPLAINT**

19.     On or around May 26, 2021, Plaintiff opened its first franchised location of BUNDOO KHAN in the United States, in Fullerton, California.  Mr. Waqar Mehmood, the grandson of Mr. Bundoo Khan, helps to manage the Fullerton restaurant per the request of the original owners in Karachi and Plaintiff. Mr. Shahbaz Mueed, another grandson of Mr. Khan also works at Plaintiff's Fullerton, California location.

20.     On February 22, 2022, Plantiff's counsel sent a cease and desist letter to Defendant informing Defendant of Plaintiff's rights in the BUNDOO KHAN trademark and demanding that Defendant cease and desist from any continued use of the mark.  A true and correct copy of Plaintiff's letter is attached at EXHIBIT A.

21.     Upon receiving Plaintiff's counsel's letter, Defendant called Plaintiff's counsel on March 1, 2022 to discuss the contents of the letter. Plaintiff's counsel spoke with Defendant and reiterated the demands in the letter. Defendant admitted on the call with Plaintiff's counsel that it had no right to use the BUNDU KHAN name and used it only due to its notoriety amongst the Pakistani community and its affiliation to Pakistani barbeque to draw in customers, even though Defendant was not and is not affiliated with the original BUNDOO KHAN in Pakistan.  Defendant asked Plaintiff's counsel to discuss a potential resolution with Plaintiff.

22.     On March 3, 2022, Plaintiff's counsel sent a follow up letter to Defendant informing Defendant that Plaintiff would not allow any continued use of the BUNDU KHAN trademark by Plaintiff but would allow a six (6) month phase out period to cease all use of the BUNDU KHAN mark.  A true and correct copy of Plaintiff's letter is attached at EXHIBIT B.  Defendant failed to respond to the letter.

23.     Defendant has always known that its use of the BUNDU KHAN name was unauthorized as Defendant did not obtain the permission of the original owners of the restaurant in Pakistan to use the name.  Defendant also admitted to Plaintiff's counsel that it was aware of the notoriety and value of the BUNDU KHAN trademark and this was the reason Defendant adopted the same, in order to profit off the goodwill and value of the BUNDU KHAN name, which Defendant clearly is aware it does not own and is not authorized to use.

24.     Defendant's efforts have caused, and will continue to cause, Plaintiff harm.  Plaintiff's conduct has caused confusion in the marketplace, deceived consumers into believing that Defendant has ties or is affiliated with the original BUNDOO KHAN restaurant and/or has ties or is affiliated with Plaintiff, the only licensed user of the BUNDOO KHAN trademark in the United States. Defendant's acts have also disparaged Plaintiff and its services and is diluting

Plaintiff's rights in the BUNDOO KHAN mark and necessitating Plaintiff to retain counsel and bring this action to protect its rights.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition Under Section 43(a) of the Lanham Act)

25.     Plaintiff repeats and incorporates by reference the allegations set forth herein as though fully set forth herein.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendant has used and is using the BUNDU KHAN mark, which is virtually identical to Plaintiff's BUNDOO KHAN mark, to advertise, promote and market Defendant's services with the intent of passing off and confusing the public into believing that Defendant's services are sponsored by, endorsed by, or affiliated with Plaintiff, Mr. Bundoo Khan or his original restaurant in Pakistan.

27.     Defendant's above recited acts constitute false designation of origin, false description of fact, false representation, unfair competition and false affiliation, connection or association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to have deceived and are likely to continue to deceive customers and prospective customers into believing that Defendant's services are from, sponsored by, endorsed by, or affiliated with Plaintiff, Mr. Bundoo Khan or his original restaurant in Pakistan when they are in fact not.

28.     Defendant's acts of deception extend beyond the mere use of the

BUNDU KHAN mark.  Defendant has knowingly been using the BUNDU KHAN

mark to profit off the goodwill and value of the name, knowing that it is not

authorized to do so in an effort to associate itself with the original BUNDOO

KHAN restaurant located in Pakistan.

29.     If not enjoined by the Court, Defendant will continue to market,

promote and advertise its services in commerce, which services will be attributed

to being sponsored by, endorsed by, or affiliated with Plaintiff, Bundoo Khan

and/or the original BUNDOO KHAN restaurant in Pakistan when they are in fact

not.

30.     Plaintiff is informed and believes, and based thereon alleges, that as a

result of these acts, Defendant has been and will continue to be, unjustly enriched

by the profits that the Defendant has made in connection with its use of the

BUNDU KHAN mark, which is virtually identical to Plaintiff's BUNDOO KHAN

mark.

31.     Plaintiff is informed and believes, and based thereon alleges, that

Defendant's continuing acts of confusion and deception has inflicted, and unless

restrained by this Court, will continue to inflict great and irreparable harm on

Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to a

permanent injunction enjoining Defendant from engaging in further acts of deception.

32.    Plaintiff is informed and believes, and based thereon, alleges that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the Plaintiff's mark to promote, advertise, or market its services.  Plaintiff is entitled to its attorneys' fees and costs of suit herein.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of Plaintiff's rights, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. §1114)

34.    Plaintiff repeats and incorporates by reference the allegations set forth herein as though fully set forth herein.

35.    Defendant had both actual and constructive knowledge of the rights of Plaintiff and/or Plaintiff's licensor prior to Defendant's infringing use of the BUNDU KHAN mark.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendant has been advertising, marketing and promoting services using the

BUNDU KHAN mark, which is virtually identical to Plaintiff's BUNDOO KHAN mark.

37.     Defendant's use of the BUNDU KHAN mark in association with Defendant's services is likely to cause confusion, and Plaintiff is informed and believes and based thereon alleges, that such use has caused consumer confusion as such consumers believe that Defendant's services are commissioned by, sponsored by, or affiliated with Plaintiff, Mr. Bundoo Khan, his family or the original BUNDOO KHAN restaurant.

38.     Defendant's use of the BUNDU KHAN mark is without the consent of Plaintiff, Mr. Bundoo Khan or his family.  Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully uses its BUNDU KHAN in connection with the sale, offering for sale, promotion and advertising of Defendant's services in a manner likely to cause confusion, or to cause mistake, or to deceive customers that Defendant's services are authorized by or affiliated with Plaintiff, Mr. Bundoo Khan or his family.

39.     The above-recited acts of the Defendant constitute trademark infringement of Plaintiff's marks to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

40.     Plaintiff is informed and believes, and based thereon alleges, that as a result of these acts, Defendant has been, and will continue to be, unjustly enriched

by the profits that Defendant has made in connection with the use of a mark virtually identical to Plaintiff's mark.

41.     Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to a permanent injunction enjoining Defendant from engaging in further acts of infringement.

42.     Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses a mark virtually identical to that of the Plaintiff to advertise and promote its services, and each time a consumer uses Defendant's services, as such use by Defendant causes confusion as to Plaintiff's affiliation, endorsement or sponsorship with Defendant.

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of the Plaintiff's mark and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CLAIM FOR RELIEF
### (Section *6bis* of the Paris Convention for Protection for Industrial Property; 15 U.S.C. § 1126(b) and (h))

44.     Plaintiff repeats and incorporates by reference the allegations set forth herein as though fully set forth herein.

45.     At all relevant times hereto, the United States and Pakistan have been parties to the Paris Convention for the Protection of Industrial Property, 21 U.S.T. 1629.

46.     Defendant has violated Section *6bis* of the Paris Convention's prohibition against the use of a well-known mark.

47.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

48.     Plaintiff is entitled to relief against said violation under the Paris Convention and under 15 U.S.C. §§ 1126(b) and (h).

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition under Section 10*bis* of the Paris Convention; 15 U.S.C. § 1126(b) and (h))

49.     Plaintiff repeats and incorporates by reference the allegations set forth herein as though fully set forth herein.

50.     At all relevant times hereto, the United States and Pakistan have been parties to the Paris Convention for the Protection of Industrial Property, 21 U.S.T. 1629.

51.     Defendant has violated Section *10bis* of the Paris Convention's prohibition against unfair competition, including competition contrary to honest business practices and/or inconsistent with currently accepted standards of honest practice, entitling Plaintiff to injunctive relief, damages, profits, reasonable attorney's fees and costs.

52.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

53.     Plaintiff is entitled to relief against said violation under the Paris Convention and under 15 U.S.C. § 1126(b) and (h).

## FIFTH CLAIM FOR RELIEF
**(Deceptive Acts and Practices
Under New York Statutory Law)**

54.     Plaintiff repeats and incorporates by reference the allegations set forth herein as though fully set forth herein.

55.     Plaintiff, by and through its own actions and that of its licensor (Mr. Bandoo Khan and his family) has built valuable goodwill in the BUNDOO KHAN mark.  Defendant's advertising, marketing, promotion and use of its mark in connection with its services is likely to and does permit Defendant to trade upon the goodwill of Plaintiff's mark and to confuse the public regarding a connection or affiliation between Defendant on the one hand and the Plaintiff, Bundoo Khan, and his family on the other hand.  This conduct results in damage to Plaintiff's

goodwill and reputation, the loss of money and property to Plaintiff and the unjust

enrichment of Defendant.

56.     Defendant's use of a mark virtually identical to Plaintiff's BUNDOO

KHAN mark in connection with Defendant's services was and is without the

consent of Plaintiff, Mr. Bundoo Khan or his family.  Defendant's acts complained

of herein constitute deceptive acts and practices in the conduct of its business,

trade or commerce in violation of New York General Business Law §349.

57.     Plaintiff is informed and believes, and based thereon alleges, that

unless restrained by this Court, Defendant will continue to infringe Plaintiff's mark

and rights and pecuniary compensation will not afford Plaintiff adequate relief for

the damage to its trademark in the public perception.

58.     As a result of the acts complained of herein, Defendant has been and

will continue to be, unjustly enriched by the profits that Defendant has made in

connection with the advertising, promoting and marketing of Defendant's services

and Plaintiff has been, and continues to be, monetarily damaged with each sale by

Defendant related to its services.

## SIXTH CLAIM FOR RELIEF
### (Trademark and Trade Dress Infringement And Unfair Competition Under New York Common Law)

59.     Plaintiff repeats and incorporates by reference the allegations set forth

herein as though fully set forth herein

60. Defendant's acts complained of herein constitute infringement of Plaintiff's BUNDOO KHAN trademark and unfair competition under the common law of the State of New York.

61. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief against Defendant:

1. A declaration that Defendants have willfully and knowingly infringed the BUNDU KHAN trademark and BUNDU KHAN trade dress;

2. A declaration that Defendant has willfully and knowingly engaged in deceptive acts and practices;

3. That Defendant, its affiliates, subsidiaries, officers, directors, employees and attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminary and permanently from;

(a) Using the Plaintiff's mark and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Plaintiff's mark, in any medium (retail, internet, physical or otherwise) in connection with any services, related services or related goods;

(b) Representing in any manner, or by any method whatsoever, that Defendant is in any way affiliated with Plaintiff, Mr. Bundoo Khan, his family or the original BUNDOO KHAN restaurant in Pakistan, or that the goods, services or

other products or services provided by Defendant are sponsored, approved,

authorized by, or originate from Plaintiff, Mr. Bundoo Khan, his family or the

original BUNDOO KHAN restaurant in Pakistan, or otherwise take an action

likely to cause confusion, mistake or deception as to the origin, approval,

sponsorship or certification of such goods or services;

> (c)    Infringing upon Plaintiff's mark;

> (d)    Unfairly competing with Plaintiff in any manner;

4.    That Defendant be required to deliver up to Plaintiff for destruction

any literature, signs, advertising material, and the like bearing any of the Plaintiff's

mark or any confusingly similar variations therefor for products or services neither

originating from nor authorized by Plaintiff, Mr. Bundoo Khan, his family or the

original BUNDOO KHAN restaurant in Pakistan.

5.    That Defendant, within thirty (30) days after service of judgment with

notice of entry thereof upon them, be required to file with the Court and serve upon

Plaintiff's attorneys a written report, under oath, setting forth in detail the manner

in which Defendant has complied with paragraphs 1 and 2 above.

6.    That Defendant be required to account for and pay over to Plaintiff

their profits and the cumulative damages sustained by Plaintiff by reasons of

Defendant's unlawful acts of trademark infringement, false designation of origin,

and unfair competition herein alleged, that the amount of recovery be increased as

provided by law, up to three times, and that interest and costs be awarded to Plaintiff.

7.      That the Court order disgorgement and/or restitution of Defendant's profits to Plaintiff.

8.      That for each violation of the trademark rights of Plaintiff, Defendant be ordered to pay statutory damages for such violations under each applicable claim for relief, and where there is a finding of willful infringement or other conduct entitling Plaintiff to an increase in statutory damages, for the maximum award of statutory damages available under each of the applicable claims for relief set forth above.

9.      That Plaintiff be awarded damages against Defendant in an amount to be determined at trial resulting from Defendant's acts of unfair competition.

10.     Defendant be required to pay to Plaintiff its costs, disbursements and attorneys' fees incurred in this action, as provided by law;

11.     For a judicial declaration that the BUNDOO KHAN trademark of Plaintiff does not infringe upon any trademark rights of Defendant.

12.     That Plaintiff be awarded its reasonable costs and attorneys' fees.

13.     That Plaintiff be awarded punitive damages.

14.     That Plaintiff be awarded such other and further relief as the Court may deem equitable, just and proper.

DATED:  March 15, 2023                    Respectfully submitted,


By:            */s/ Farah Bhatti*
FARAH P. BHATTI (2895829)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:  fbhatti@buchalter.com

MICHAEL B. GOLDSMITH (2064384)
SILLS CUMMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, New York, 10178
Telephone: (212) 500-1568
Fax: (212) 643-6500
Email: mgoldsmith@sillscummis.com

*Attorneys for Plaintiff*
*Bundoo Khan USA LLC*

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ. 38(b), Plaintiff hereby demands a trial by jury of all

issues in the Complaint that are triable by jury and all issues to which it is entitled

by law.

DATED:  March 15, 2023                    Respectfully submitted,

By:            */s/ Farah Bhatti*
               FARAH P. BHATTI (2895829)
               BUCHALTER
               A Professional Corporation
               18400 Von Karman Avenue, Suite 800
               Irvine, CA  92612-0514
               Telephone: 949.760.1121
               Fax: 949.720.0182
               Email:  fbhatti@buchalter.com

               MICHAEL B. GOLDSMITH (2064384)
               SILLS CUMMIS & GROSS, P.C.
               101 Park Avenue, 28th Floor
               New York, New York, 10178
               Telephone: (212) 500-1568
               Fax: (212) 643-6500
               Email: mgoldsmith@sillscummis.com

               *Attorneys for Plaintiff*
               *Bundoo Khan USA LLC*